IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN GARDNER,

                        Petitioner,

            vs.

STATE OF NEBRASKA,

                        Respondent.

8:17CV390

MEMORANDUM
AND ORDER

This matter is before the court on the Notice of Appeal (filing no. 12) filed by Petitioner Justin Gardner on May 7, 2018. Also before the court are two memorandums from the Clerk of the Court requesting a ruling as to the timeliness of Petitioner's notice of appeal and Petitioner's authorization to proceed in forma pauperis on appeal. (Filing No. 13; Filing No. 14.)

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days of the entry of judgment. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file an appeal. *Id.* A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A). In addition, if a party files one of the post-judgment motions listed in Rule (a)(4)(A), the time to file the appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A).

Here, the court entered a final judgment dismissing the Petition for Writ of Habeas Corpus on December 5, 2017. (Filing Nos. 4 and 5.) On December 21,

2017, Petitioner filed what the court liberally construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Filing No. 6.) The court entered an order overruling Petitioner's motion on January 17, 2018. (*See* Filing No. 7.) Therefore, the final day for filing a timely notice of appeal was February 16, 2018. *See* Fed. R. App. P. 4(a)(4)(A)(vi) ("[T]ime to file an appeal runs for all parties from the entry of the order disposing of the . . . motion . . . for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.").   Petitioner's Notice of Appeal is dated March 5, 2018,[1] and stamped as filed on May 7, 2018.  (Filing No. 12.)  Because the Notice of Appeal is dated March 5, 2018, it could not have been deposited in the prison's mail system within the prescribed time, and in any case, it does not include the required declaration setting out the date it was deposited in the prison's mail system. *See* Fed. R. App. P. 4(c)(1) (stating prisoner's notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing and accompanied by a declaration as to mailing).

However, on March 2, 2018, Petitioner filed correspondence with the court which the court liberally construed as a motion for reconsideration (filing no. 8) and a motion to extend the time to file a notice of appeal (filing no. 9). The court denied both motions in an order dated April 2, 2018, specifically finding that the motion for an extension was filed outside the time limits imposed by Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (*See* Filing No. 10.) The court now recognizes that its conclusion was in error. As stated above, Petitioner had until February 16, 2018, to file a timely notice of appeal, which means Petitioner's motion to extend the time to file a notice of appeal was filed within thirty days after the original thirty-day deadline had passed and was not untimely.

---

[1] Petitioner's Notice of Appeal was received in the clerk's office on the same date as correspondence from Petitioner dated May 2, 2018. (*See* Filing No. 11.) Thus, it appears the correspondence and Notice of Appeal were mailed by Petitioner at the same time. The court will, however, assume that the March 5, 2018 date is accurate for purposes of this Memorandum and Order.

The inquiry does not end there. Rule 4(a)(5) allows a party to move the district court to extend the time to file a notice of appeal if "(a) he moves no more than thirty days after the original thirty day deadline has passed, *and (b) he shows good cause*." *Pugh v. Minnesota*, 380 Fed. Appx. 558, 559 (8th Cir. 2010) (emphasis added). Upon reconsideration of Petitioner's motion to extend the time to appeal (filing no. 9), the court finds he has shown good cause based on his representations that prison officials have delayed the sending and delivery of his legal mail. Accordingly, the court vacates its prior Memorandum and Order (filing no. 10) dated April 2, 2018, to the extent it denied Petitioner's motion to extend. The court now finds that Petitioner's motion to extend the time to file a notice of appeal should be granted and his Notice of Appeal is deemed timely.

With his Notice of Appeal, Petitioner failed to include the $505.00 appellate filing and docket fees. Petitioner has not previously been granted leave to proceed in forma pauperis in the district court in connection with his § 2254 petition. Thus, Fed. R. App. P. 24(a)(3), which continues in forma pauperis status on appeal without further authorization, does not apply. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The court hereby certifies that the appeal filed by Petitioner in this case is frivolous and not taken in good faith for the reason that his habeas petition was dismissed *without prejudice*[2] for failure to file a motion to proceed in forma pauperis or pay the $5.00 filing fee by the court-ordered deadline. Since the appeal is not taken in good faith, the petitioner cannot file an appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3).

IT IS THEREFORE ORDERED that:

1.      The court's prior Memorandum and Order (filing no. 10) dated April 2, 2018, is vacated, in part, to the extent it denied Petitioner's motion to extend.

---

[2] Because the habeas petition was dismissed without prejudice, Petitioner is free to refile the petition in a new case along with the requisite filing fee or a motion to proceed in forma pauperis.

The court now finds that Petitioner's motion to extend the time to file a notice of appeal (filing no. 9) should be granted and his Notice of Appeal (filing no. 12) is deemed timely.

2.      The court certifies that the appeal is not taken in good faith, and the court will not act on Petitioner's notice of appeal. (Filing No. 12.)

3.      The clerk of court is directed to send a copy of Petitioner's notice of appeal and a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

Dated this 11th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge